IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| E1 CORPORATION § | |
| § | |
| Plaintiff, § | |
| § | C.A. No. 3:13-cv-457 |
| v. § | Filed Under Rule 9(h) |
| § | Fed. R. Civ. P. |
| MAPLE SHIPPING INC. § | (ADMIRALTY) |
| § | |
| Defendant. § | |

## VERIFIED FIRST AMENDED COMPLAINT

Plaintiff, E1 Corporation (sometimes referred to as "E1"), for its First Amended Complaint against Defendant, Maple Shipping Inc., alleges upon information and belief as follows:

### Jurisdiction and Parties

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court has jurisdiction to authorize the attachment of the motor vessel ("M/V") MAPLE 3 under 28 U.S.C. § 1333, Title IX of the U.S. Code, and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure to provide security for Plaintiff's claims.

3. At all times herein mentioned, Plaintiff was and now is a business duly organized and existing with its primary office in Seoul, Korea.

4. At all times here mentioned, Defendant was and now is a business entity duly organized and existing with its primary office in Hong Kong.

5.  Defendant is a foreign entity that is not present within the district as that term is understood under Admiralty Supplemental Rule B, Federal Rules of Civil Procedure. *See* accompanying Affidavit of Douglas Shoemaker. Defendant is a non-resident as that term is used in subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code, does not maintain a business office or address in Texas, and has not designated or maintained a resident agent for service of process in Texas. Substituted service of process can be had over Defendant by serving the Secretary of State of Texas with duplicate copies of process. Process or notice can be sent to Maple Shipping Inc., TaiKoo Place, 979, Kings Road, Quarry Bay, Eastern Hong Kong, China.

6.  At all material times, Defendant owned and operated or caused to be operated the M/V MAPLE 3 in international maritime commerce between various ports throughout the world.

7.  The M/V MAPLE 3 is a 1993-build, St. Vincent and the Grenadines flagged 18,360 gross ton LPG tanker carrier. The M/V MAPLE 3 was at the time of attachment present within the jurisdiction of this Court. A Letter of Undertaking has been issued as substitute security for the M/V MAPLE 3.

8.  At all material times, the M/V MAPLE 3 was operated by its owner strictly as a commercial vessel for profit.

Background Facts/Chronology

9.  On April 27, 2010, Plaintiff as charterer and MC EID Shipping Ltd ("MC EID") as owner of the M/V MAPLE 2 (formerly known as the M/V TOWER BRIDGE) entered into a time charterparty for a 2 year-term. (Exhibit 1.)

10. On July 27, 2010, Plaintiff and Astomos Energy Group ("Astomos") interchangeably entered into arrangements for time charter and voyage charter of the M/V MAPLE 2. (Exhibits 2 and 3.)

2

11.     On or about February 25, 2011, due to MC EID's financial constraints, the committee of creditors sold the M/V MAPLE 2 to Defendant, Maple Shipping Inc. (Exhibit 4.)

12.     On or about February 25, 2011, Defendant and Plaintiff entered into Addendum No. 1 to the existing time charterparty whereby Defendant assumed the status/obligations of MC EID thereunder. (Exhibit 5.)

13.     On or about May 27, 2011, Plaintiff sub-chartered the M/V MAPLE 2 to Astomos for a term of 11 months. (Exhibit 6.)

14.     Between approximately June 7 and June 13, 2011, Astomos attempted to load propane gas at Ras Tunura and Juaymah Port of Saudi Arabia, but the loading failed due to high pressure in the tank.   The relevant port authority denied re-berthing which eventually resulted in Astomos' failure to load all of the intended quantity of the gas.   As an alternative, Astomos had to procure a substitute vessel, the M/V MILL REEF, to conduct the loading, and the propane gas was then transferred vessel-to-vessel at substantial additional cost. (Exhibits 7-11.)

15.     According to the surveyor report, the loading was delayed because of the improper management of the cargo pressure valve.   Further, the reliquification plant on the M/V MAPLE 2 was defective which resulted in the failure to adequately lower the cargo temperature. (Exhibit 12.)

16.     On or about July 15, 2011, Astomos, in reliance on the said surveyor report, presented a damages claim against Plaintiff on the grounds that the M/V MAPLE 2 was unseaworthy for carriage of the cargo in that she lacked sufficient facilities and that her crew failed to exercise reasonable care to control the cargo temperature. (Exhibit 13.)

17.     On or about July 29, 2011, Plaintiff presented a damages claim against Defendant based on the grounds identical to the above. (Exhibit 14.)

18.     On or about May 8, 2012, Astomos made a claim against Plaintiff for $956,233.01, including the additional costs incurred as a result of the delay of cargo, freight for the substitute vessel MILL REEF, and the costs for the transfer of the gas, etc. (Exhibit 15.)

19.     On or about May 15, 2012, Plaintiff made a claim against Defendant for the aforementioned amount claimed by Astomos ($956,233.01) plus the loss accrued due to the inability to use the M/V MAPLE 2 for approximately 10 days ($209,226.88), comprising $1,165,459.89 in total. (Exhibit 16.)

20.     Plaintiff has since determined that its losses total $196,510.70.

21.     Defendant's failure and refusal to pay the demurrage due constitutes a breach of the charterparty.

22.     Pursuant to the charterparty, Plaintiff is entitled to damages from Defendant for the losses detailed above, no part of which has been paid, although duly demanded.

23.     Pursuant to the terms of the charterparty, disputes arising out of that contract are to be arbitrated in London and decided in accordance with English law.  Plaintiff has or will during the pendency of this case demand arbitration in accordance with the charterparty.  Plaintiff's English counsel has estimated that its fees and expenses for pursuing arbitration will be £267,672.01, which is US $435,329.87 as of December 17, 2013.  Plaintiff is entitled to seek to recover its English counsel's fees and expenses from Defendant in the London arbitration and the foregoing estimate is therefore included in Plaintiff's damages claimed herein.

24.     Based on the foregoing, as a result of Defendant's breach of the charterparty, Plaintiff has been damaged in the total amount of $1,588,073.58, plus interest, fees and costs.

25.     Plaintiff is entitled to attach Defendant's vessel, the M/V MAPLE 3, to secure its claim and to compel arbitration in this matter.

WHEREFORE Plaintiff E1 Corporation prays that the Court:

(1) issue a Warrant of Attachment for the M/V MAPLE 3, her engines, tackle, apparel, furniture, equipment and appurtenances, commanding the United States Marshal to attach the vessel and take it into custody;

(2) order the vessel condemned and sold to pay the costs of *custodia legis*, and damages owed to Plaintiff arising from Defendant's breach of a maritime contract with Plaintiff;

(3) after ordering the vessel's attachment and/or any substitute security for Plaintiff's claims, stay all further prosecution of the Plaintiff's claims to enable London Arbitration to resolve the underlying dispute in this case; and

(4) render such other, further and different relief as may be just in the premises.

Respectfully submitted,

*Douglas Shoemaker*
Douglas Shoemaker
TBA No.: 00788406
Fed. ID: 16854
700 Louisiana, Suite 4000
Houston, Texas 7702
713-871-8822
FAX 713-871-8844
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**
**E1 CORPORATION**

Of Counsel:
**BLANK ROME, LLP**
**David Meyer**
TBA No.: 24052106
Fed. ID: 732583
and
**John Kimball**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
212.885.5259
Fax: 917.332.3730

5

**CERTIFICATE OF CONFERENCE**

This confirms that Defendant has not yet appeared in this maritime seizure cause of action and, thus, no conference is required.

_____
David G. Meyer

**CERTIFICATE OF SERVICE**

While Defendant has not yet appeared in this maritime seizure cause of action, a copy of this filing will be provided to counsel representing its interests regarding this matter.

_____
David G. Meyer

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| E1 Corporation § | |
| § | |
| Plaintiff, § | |
| § | C.A. No. 3:13-cv-457 |
| v. § | Filed Under Rule 9(h) |
| § | Fed. R. Civ. P. |
| MAPLE SHIPPING INC. § | (ADMIRALTY) |
| § | |
| Defendant. § | |

## VERIFICATION

I , Sangmoo Kim, or E1 Corporation do hereby declare under penalty of perjury in accordance with the laws of the United States pursuant to 28 U.S.C. § 1746 that the following information is true and correct:

1. I am the general manager and head of supply team of E1 Corporation and am authorized to make this statement by and on behalf of the company.

2. I am fully knowledgeable about the facts and circumstances surrounding the matters alleged in the foregoing complaint.

3. I have read the foregoing complaint, and the allegations contained therein are true and accurate to the best of my knowledge, information and belief.

4. The sources of my information and the bases for my belief are personal knowledge and information available to me as a general manager and head of supply team of E1 Corporation.

Date executed: 26 December 2013

Sangmoo Kim
General Manager and
Head of supply team
E1 Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| E1 CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No. G-13- 3:13-cv-457 |
| v. | § | Filed Under Rule 9(h) |
| | § | Fed. R. Civ. P. |
| MAPLE SHIPPING INC. | § | (ADMIRALTY) |
| | § | |
| Defendant. | § | |

## AFFIDAVIT PURSUANT TO SUPPLEMENTAL RULE B

STATE OF TEXAS         §
                       §
COUNTY OF HARRIS       §

Douglas J. Shoemaker, being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of defendant, Maple Shipping Inc. ("Defendant"), a foreign corporation or other entity, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendant is a party to a charterparty on which this claim is based, and is a foreign corporation or other business entity organized and existing under the laws of Hong Kong, China or another foreign jurisdiction.

3. On December 20, 2013, I conducted a search of the Texas State Secretary of State, Division of Corporations, telephone assistance, and a general internet search. In my search, I

did not find any listing or reference to Defendant in this judicial district or the state of Texas. In the circumstances, I believe Defendant cannot be found within the district.

_____
Douglas Shoemaker

Sworn to and signed before me this 20th day of December, 2013, by Douglas Shoemaker, known to me.

_____
Notary Public
STATE OF TEXAS
STAMP OR SEAL:



CECILIA O TOENNIGES
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 23, 2017

142153.00601/60698575v.1